UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80956-ROSENBERG/BRANNON

CLIVENS GOLDMAN & ANDREA
GOLDMAN,

      Plaintiffs,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR JP MORGAN MORTGAGE
TRUST 2007-A6, MORTGAGE
PASS-THROUGH CERTIFICATES,
WITHOUT RECOURSE, LAPIN &
LEICHTLING, LLP, & JAN T.
WILLIAMS, ETC., et al.,

      Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE**

This cause is before the Court on Defendant Lapin & Leichtling's Motion to Dismiss [DE 11]. Plaintiffs filed a Response to the Motion. For the reasons set forth below, Defendant's Motion is granted.

Plaintiffs were defendants in a state foreclosure action. DE 1 at 16, 119. A final judgment was entered in that foreclosure action on July 15, 2010. *Id.* Plaintiffs commenced the instant suit on July 13, 2015 seeking, *inter alia*, relief from fraud and improper debt collection practices. DE 1 at 20.

Defendant argues that this case should be dismissed under the *Rooker-Feldman* doctrine. The Court finds this argument persuasive as more fully set forth below, and as a result the Court does not address Defendant's other arguments for dismissal.

Federal review of state-court judgments may only occur in the United States Supreme Court.

28 U.S.C. § 1257(a); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011) (considering a case with analogous arguments). Therefore, this Court lacks jurisdiction to review final state-court judgments. Defendant argues that Plaintiffs' claims seek a review of Plaintiffs' final state-court foreclosure judgment. The *Rooker-Feldman* doctrine encapsulates and delineates the rule that district courts may not review final state-court judgments, and the doctrine precludes review of claims that are "inextricably intertwined" with state judgments. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). However, where a party did not have a "reasonable opportunity to raise [a] federal claim in state proceedings" the doctrine does not apply. *Id.* In such a situation, a plaintiff's claims are not considered to be inextricably intertwined with the state court judgment. *See Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996).

Notably, the Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments. *See, e.g.*, *Parker v. Potter,* 368 F. App'x 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890, 892-93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132-33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collection Practices Act, and Equal Credit Opportunity Act claims under *Rooker-Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *Aboyade Cole Bey v. Bank Atl.,* 2010 WL 3069102, at *2 (M.D. Fla. 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC,* 2010 WL 1249129, at

2

\*3 (S.D. Fla. 2010) ("Although plead as conspiracy claims ..., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); *Figuero*, 766 F. Supp. at 1320 (collecting and discussing the cases cited above).

Here, Plaintiffs seek to challenge their foreclosure proceedings generally.  Each of Plaintiffs' claims has a connection with Plaintiffs' mortgage and subsequent foreclosure.  After reviewing Plaintiffs' claims in the context of Plaintiffs' factual allegations, the Court finds that Plaintiffs' contention is in essence that the state foreclosure was improperly granted.  In their Complaint, Plaintiffs allege, *inter alia*, that some Defendants lacked standing to foreclose and that various Defendants failed to comply with conditions precedent to foreclosure.

There are no procedural bars to the application of the *Rooker-Feldman* doctrine to this case as this case was filed subsequent to Plaintiffs' final state court judgment.  *See Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Plaintiffs essentially seek damages that stemmed from the loss of their home.  The only way Plaintiffs could have been damaged was if the loss of their home was wrongful.  By entering judgment in favor of foreclosure, the state court has determined that foreclosure was proper.  Were judgment to be entered in this case in favor of Plaintiffs, it would necessarily follow that the state court foreclosure was in error and, as a result, this Court cannot grant Plaintiffs their requested relief without disturbing the Florida foreclosure judgment.  *See, e.g.*, *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010).  It is for state appellate courts and the United States Supreme Court to tell state courts that they are wrong.  *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011).  To the extent Plaintiffs seek monetary damages and do not seek to overturn the state court foreclosure judgment, this has no

3

bearing on the Court's decision as damages would only be available where there was a wrongful foreclosure. *See, e.g.*, *Rene v. Citibank*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999). Finally, the Court finds that Plaintiffs did have reasonable opportunity to raise their claims in their state court proceeding. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

For the foregoing reasons, the Court finds that Plaintiffs' claims are inextricably intertwined with Plaintiffs' final state court foreclosure judgment as to all Defendants and, as a result, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims. Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Plaintiffs' Complaint [DE 1] is **DISMISSED WITH PREJUDICE** in its entirety;
2. Defendant Lapin & Leichtling's Motion to Dismiss [DE 11] is **GRANTED**;
3. All other pending motions are **DENIED AS MOOT**;
4. All pending deadlines and hearings are **TERMINATED**; and
5. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 9th day of September, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record